from its duty to keep the wharf in safe condition. 40 Fed. Rep. 908." This was all that was said as to the ground upon which the defendant's liability is to be based. Taking, then, the rule as thus laid down, the defendant clearly was not negligent in the performance of its duty, unless the wharf or pier subsequently became unsafe, and the defendant had either actual or constructive notice thereof. In my judgment, the evidence is insufficient to fasten any such notice upon the defendant, and consequently, if I were at liberty to do so, I would hold that it is insufficient to establish negligence on the part of the defendant now sought to be charged. But the evidence is the same now as it was before, and the court of appeals, having reversed the judgment in favor of the defendant, and ordered a new trial, must be deemed to have decided that, after all, the evidence was sufficient to require the judgment of the jury upon it. The trial judge evidently so construed the decision, and the issues having thereupon been submitted to the jury in obedience to it, and determined by the jury in favor of the plaintiff, I fail to perceive how the defendant can have any relief against the result of this court. If the case was one for the jury, it was properly submitted, and in such case the record presents no exception which calls for reversal.

The judgment and order must be affirmed, with costs.

---

REYNOLDS et al., Appellants, v. PATTEN et al., Respondents.

(City Court of New York, General Term. April 14, 1893.)

Action by Martin Reynolds and another against Thomas Patten and another. Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Johnston & Johnston, for appellants.
Deyo, Duer & Bauerdorf, for respondents.

FITZSIMONS, J. We have examined the appeal record carefully, and agree with the referee in his opinion and findings. Judgment is affirmed, with costs.

---

KOEHLER, Appellant, v. GORMAN, Sheriff, Respondent.

(City Court of New York, General Term. March 17, 1893.)

Appeal from trial term.
Action by David M. Koehler, as surviving partner of the firm of D. M. Koehler & Son, against John J. Gorman, as sheriff, etc.
Argued before EHRLICH, C. J., and McGOWN and FITZSIMONS, JJ.

Charles Goldzier, for appellant.
William E. Stillings, for respondent.

FITZSIMONS, J. The stay of proceedings contained in the order to show cause, dated July 28, 1892, applied to all of the property levied upon by the defendant under the executions issued by plaintiff against Frank O. Sullivan, and restrained, forbade, and prevented defendant from proceeding further under said executions until said stay was dissolved, which did not occur until August 9, 1892. It is therefore very evident that the sheriff had not 60 days free from said stay during which he could exercise his official duties, and consequently this action was prematurely brought. Therefore the trial justice was right in dismissing the complaint herein.

Judgment affirmed, with costs.